**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| EDWARD MOSCH, | : | |
|  | : | Civil Action |
| Plaintiff, | : | 06-4067 (JLL) |
|  | : | |
| v. | : | **O P I N I O N** |
|  | : | |
| DEVON BROWN et al., | : | |
|  | : | |
| Defendants. | : | |

**APPEARANCES:**

  EDWARD MOSCH, #265294-A
  Plaintiff pro se
  Adult Diagnostic and Treatment Center
  Avenel, New Jersey 07001

**JOSE L. LINARES, United States District Judge**

Plaintiff EDWARD MOSCH (hereinafter "Plaintiff"), currently confined at the Adult Diagnostic and Treatment Center, Avenel, New Jersey, seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998). Plaintiff also submitted for filing his complaint (hereinafter "Complaint") and Motion for Appointment of Counsel (hereinafter "Motion").

Plaintiff's Complaint asserts that, following Plaintiff's

conviction and subsequent parole, Plaintiff's parole was revoked on numerous occasions, and these revocations (a) were made without administration of "Dalonges psychological evaluations"; and (b) caused Plaintiff's incarceration to be extended in excess of Plaintiff's maximum term of confinement imposed by the sentencing court.  See Compl. at 20-22, 26-27.  In addition, Plaintiff asserts that the conditions of his confinement denied him access to necessary medical care, to wit, drug-addiction treatment programs, and that such denial was based on Plaintiff's classification as a convicted sex offender.  See id. at 23-26, 29-30. After reviewing the Complaint, the Court finds it necessary only to analyze the sufficiency of Plaintiff's due process claims.

**STANDARD OF REVIEW**

In 1996, Congress enacted the Prison Litigation Reform Act ("PARA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b),

that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.  Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

    Employing this standard, the Court determines that Plaintiff's claims pertaining to his conditions of confinement and resulting denial of access to necessary medical care are sufficient at this stage of litigation. Such claims will not be dismissed, nor analyzed within the instant Opinion. However, for the reasons set forth below, the Court determines that Plaintiff's claims alleged

with respect to violation of Plaintiff's due process rights should be dismissed for failure to state a claim upon which relief may be granted.

## DISCUSSION

**A.   Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). As the Supreme Court stated in Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986),

> it is appropriate to restate certain basic principles that limit the power of every federal court.  Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.

"Every grant of federal jurisdiction must fall within one of the nine categories of cases and controversies enumerated in Article III."  In re TMI Litigation Cases Consol. II, 940 F.2d 832, 861-62 (3d Cir. 1991) (Scirica, J., concurring) (citing Hodgson v. Bowerbank, 5 Cranch (9 U.S.) 303, 3 L.Ed. 108 (1809)).  Article III of the Constitution provides:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--

> between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

The plaintiff, "who claims that the power of the court should be exerted in his behalf . . . must carry throughout the litigation the burden of showing that he is properly in court." Id. at 189. Being of limited jurisdiction, a federal court

> has cognisance, not of cases generally, but only of a few specially circumstanced, amounting to a small proportion of the cases which an unlimited jurisdiction would embrace. And the fair presumption is (not as with regard to a court of general jurisdiction, that a cause is within its jurisdiction unless the contrary appears, but rather) that a cause is without its jurisdiction, until the contrary appears. This renders it necessary, inasmuch as the proceedings of no court can be deemed valid, further than its jurisdiction appears, or can be presumed, to set forth upon the record of a circuit court, the facts or circumstances which give jurisdiction, either expressly, or in such manner as to render them certain by legal intendment.

Turner v. Bank of North America, 4 U.S. 8, 10 (1799). Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. Bender, 475 U.S. at 541; Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

Thus, a district court may exercise jurisdiction over "Cases,

in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Specifically, 42 U.S.C. § 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

B.   **Plaintiff's Claims Subject to *Sua Sponte* Dismissal**

Plaintiff raises two types of due process claims: (a) that Plaintiff is being incarcerated in excess of his maximum term of

confinement; and (b) that Plaintiff's revocation of parole did not involve "Dalonges psychological evaluations." See Compl. at 26-27. Both of these claims lack merit.

**1.   Incarceration in Excess of Maximum Term of Confinement**

The *exclusive* federal remedy for an inmate challenging the fact or the length of his confinement is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500; see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987).

Moreover, to the extent that Plaintiff seeks pecuniary relief or any relief other than Plaintiff's release, his claims have not accrued because a favorable judgment would necessarily imply the invalidity of his underlying criminal conviction.  See Heck v. Humphrey, 512 U.S. 477 (1994).[1]  Where success in a plaintiff's §

---

[1]

The Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that an action under § 1983 seeking damages for allegedly unconstitutional conviction or incarceration is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-7.

1983 damages action would implicitly question the validity of confinement, the plaintiff must first achieve favorable termination of his available state, or federal habeas, opportunities in order to obtain relief under § 1983 the underlying decision to confine him.  See Muhammad v. Close,  540 U.S. 749, 751 (2004).  Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, see 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas serve[s] the practical objective of preserving limitations on the availability of habeas remedies."  Id.

Plaintiff's allegations in the instant Complaint do not indicate that his incarceration was deemed being in excess of his maximum term of confinement by the state courts or by the issuance of a writ of habeas corpus.  Thus, at this time, Plaintiff's challenge to the fact of his "incarceration was deemed being in excess of his maximum term of confinement" is not cognizable under § 1983 and should be dismissed without prejudice.

### 2.   **Psychological Evaluation**s

The Due Process Clause applies when government action deprives a person of liberty or property.  Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979).   In determining a procedural due process claim, the first step is to

consider whether the nature of the liberty or property interest is protected under the Fourteenth Amendment. Fuentes v. Shevin, 407 U.S. 67 (1972). If so, the second step is to determine what process is due to protect the interest. Morrissey v. Brewer, 408 U.S. 471 (1972).

Liberty interests protected by the Due Process Clause may arise from the Due Process Clause itself or from the laws of the states. Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Hewitt v. Helms, 459 U.S. 460, 466-67 & n.4 (1983). "Decisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection." Greenholtz, 442 U.S. at 7. "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976); see also Vitek v. Jones, 445 U.S. 480, 493 (1980).

Plaintiff's Complaint indicates in unambiguous terms that each revocation of Plaintiff's parole was a result of formal proceedings. See Compl. at 13-20. The sole fact that Plaintiff allegedly did not get a psychological evaluation of his choice is irrelevant to the issue of Plaintiff's due process rights since it indicates nothing but Plaintiff's disappointment with not obtaining the evaluation he desired. Cf. Coades v. Kane, 1992 U.S. Dist.

LEXIS 8844 (E.D. Pa. May 22, 1992) (an inmate was not denied due process merely as because an unfavorable decision was reached by a prison hearing examiner since an unfavorable decision <u>per se</u> is not the same as a denial of due process). Although this Court is appreciative of the alleged fact that such evaluation was "State Court mandated," Plaintiff failed to assert what due process rights ensuing from the United States constitution, or federal or state laws, were violated when Plaintiff's parole was allegedly revoked without administration of the evaluation Plaintiff desired. Therefore, Plaintiff's claims based on revocation of Plaintiff's parole without administration of "Dalonges psychological evaluations" are dismissed with prejudice for lack of jurisdiction. <u>See</u> <u>supra</u>, Part A ("Subject Matter Jurisdiction").

C.   **<u>Appointment of Counsel</u>**

Indigent persons raising civil rights claims have no absolute constitutional right to counsel. <u>See</u> <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider several factors:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. ... If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>     (1) the plaintiff's ability to present his or her own case;
>     (2) the complexity of the legal issues;
>     (3) the degree to which factual investigation will

>    be necessary and the ability of the plaintiff to pursue such investigation;
>        (4) the amount a case is likely to turn on credibility determinations;
>        (5) whether the case will require the testimony of expert witnesses;
>        (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-58 (citing Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994)).  This list of factors is not exhaustive, but instead should serve as a guide post for the district courts.

>    Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases.

Id. at 157.

Analysis of these factors reveals that appointment of counsel is not necessary at this juncture.  As Plaintiff's seventy-seven page submission indicates, Plaintiff appears able to present his claim in a clear and articulate manner.  He demonstrates an understanding of his claim and the issues involved are not complex.  Also, Plaintiff's ability to investigate or obtain medical records pertinent to his claim is not impaired merely because he is incarcerated.  He can utilize discovery requests to obtain relevant records and information.  Therefore, Plaintiff's application for appointment of counsel at the initial stages of litigation is premature.  In the event this matter advances beyond fact discovery and the need for medical expert witnesses becomes crucial,

Plaintiff may submit another application for appointment of counsel. The present application is denied without prejudice.

## CONCLUSION

The Court grants Plaintiff's application to file the Complaint in forma pauperis, DISMISSES Plaintiff's claims with respect to Plaintiff's incarceration in excess of his maximum term of confinement WITHOUT PREJUDICE, DISMISSES Plaintiff's claims with respect to revocation of Plaintiff's parole without administration of psychological evaluation of Plaintiff's choice WITH PREJUDICE, DENIES Plaintiff's application for appointment of counsel as PREMATURE and proceeds Plaintiff's remaining claims to the next stage.

An appropriate order accompanies this Opinion.


                                        /s/ Jose L. Linares
                                        United States District Judge

Dated: September 20, 2006