NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDWARD MOSCH,  )
   )
    Plaintiff,  )
   )     Civil Action No.: 06-4067 (JLL)
v.  )
   )     **O P I N I O N**
DEVON BROWN, et al,  )
   )
    Defendants.  )

**LINARES,** District Judge.

This matter comes before the Court on the motion for summary judgment of Defendants[1] pursuant to Federal Rule of Civil Procedure 56. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, Defendants' motion is granted.

## BACKGROUND

**A.**   **Procedural History**

Edward Mosch submitted an application to proceed in forma pauperis and Complaint in this Court on August 25, 2006 alleging various violations of his civil rights. By Order dated September 21, 2006 this Court granted Mr. Mosch's application to proceed in forma pauperis and filed the Complaint. The Court also dismissed all due process claims and allowed the claims

---

[1] Devon Brown, George S. Hayman, William F. Plantier, Grace Rogers, John D'Amico, Michael Dowling, Bernard Goodwin, Cynthia Sweeney, Paul Lagana, Irene B. Worden, John Doe Mahoney, Joseph Constance, Dominic D. Porrovecchio, Meg Kaplan, Nancy Graffin, Cori-Ann Feiner-Escoto, and the University of Medicine and Dentistry of New Jersey.

pertaining to Mr. Mosch's conditions of confinement and denial of access to medical care to proceed. (Op. at 3).

On February 14, 2007, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56. On March 15, 2007, Defendants notified the Court that Mr. Mosch had passed away. On March 29, 2007, this Court entered an Order requiring the Adult Diagnostic and Treatment Center to forward the Court's "Suggestion of Death" document to all persons listed in his file. By way of separate Order on March 29, 2007, the Court ordered that any proper party may substitute himself or herself for Edward Mosch ("Decedent") within ninety days of the Order. Leslie William Mosch, brother of Decedent, contacted the Court and indicated that he wished to substitute himself on behalf of his brother. The Court granted his application on July 2, 2007. On July 12, 2007, the Court entered an Order converting Defendants' motion to dismiss into one for summary judgment and notifying Leslie William Mosch that opposition to the motion was due to the Court on or before July 27, 2007. The Court never received any opposition to the motion, nor further correspondence from Leslie William Mosch.

**B.     Factual Background**

The facts herein are set forth in Defendants' Statement of Material Facts. Since Leslie William Mosch never submitted opposition to Defendants' motion nor any counter-statement of facts, the Court will accept Defendants' facts as true, with appropriate record support.

During the period of time relevant to the claims set forth in the Complaint, Edward Mosch ("Decedent") was incarcerated in the Adult Diagnostic and Treatment Center located in Avenel, New Jersey. (Stmt. of Facts ¶ 1). Over the course of his incarceration, Decedent

received parole numerous times, yet each time his parole was revoked. (Id. at ¶ 2). Throughout his time of incarceration with the New Jersey Department of Corrections ("NJDOC"), Decedent attended substance abuse programs. (Id. at ¶¶ 3-8). Decedent attended these programs at various times over the time period of 1988 through 2006. (Id.).

Decedent never filed for or otherwise sought an administrative remedy for the claims raised in his Complaint. (Id. at ¶ 15).

## DISCUSSION

**A.    Summary Judgment**

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine, fact issue compels a trial. Id. at 324.

In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings. See Celotex, 477 U.S. at 324. Further, the non-moving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and

their reasonable inferences in the light most favorable to the non-moving party. See Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

Where the non-moving party fails to file an opposition to a motion for summary judgment, "summary judgment, if appropriate, shall be entered against the [non-moving] party." Fed. R. Civ. P. 56(e). The failure of the non-moving party to respond to the summary judgment motion is not itself sufficient to justify the entry of summary judgment. See, e.g., Williams v. Santiago, No. 04-5097, 2006 WL 2786846, at *2 (D.N.J. Sept. 26, 2006) ("Plaintiff's failure to oppose summary judgment does not necessarily entitle Defendants to judgment in their favor . . . ."). The Court must still determine whether the moving party met its burden of proving that it is entitled to summary judgment. See Macias v. United States, No. 05-1445, 2006 WL 1843111, at *1 n.1 (D.N.J. June 30, 2006).

**B.     Analysis**

The Court will herein address Decedent's remaining claims: that the conditions of his confinement denied him access to necessary medical care in the form of drug-addiction treatment programs, and that such denial was based upon his classification as a sex offender, in violation of 42 U.S.C. § 1983.

**1.     Statute of Limitations**

Defendants move for summary judgment and seek dismissal of these claims based on the argument that the two-year statute of limitations has run and the claims are time barred.

Defendants contend that these claims are time barred under 42 U.S.C. § 1983. Although Congress has not enacted a statute of limitations governing claims arising under 42 U.S.C. §

1983, the United States Supreme Court has held that actions filed under 42 U.S.C. § 1983 are governed by the limitations periods applicable to the state's personal injury claims.[2]  Wilson v. Garcia, 471 U.S. 261 (1985).  The applicable New Jersey statute of limitations for personal injury claims limits such claims to two (2) years.  N.J. Stat. Ann. § 2A:14-2.  In the present case, the New Jersey statute of limitations governs Decedent's § 1983 claim, as his alleged cause of action arose in the state, and he filed his complaint in the United States District Court for the State of New Jersey.

The Complaint sets forth in detail the times of the Decedent's incarcerations, releases on parole, and revocations of parole from April 7, 1978 until June 29, 2004 and alleges that "[a]t no time during any of the several revocations of [Decedent's] parole status resulting in [Decedent's] remand to the ADTC, was [Decedent] ever provided, administered, or allowed an opportunity to receive and participate in an effective treatment and rehabilitation program to ameliorate [Decedent's] drug addiction."  (Compl. ¶¶ 20-55).

Defendants argue that since Decedent's Complaint appears to limit the time frame of his claims to the time period of April 7, 1978 through June 29, 2004, his claims concerning denial of medical treatment are time barred.  However, the Court notes that the relevant facts of the

---

[2]While New Jersey state law dictates the time within which a suit must be filed under 42 U.S.C. § 1983, it is federal law that governs the date of the accrual of a cause of action.  A federal civil rights action accrues when the plaintiff knew or had reason to know of the injury that constitutes the basis of the action.  Deary v. Three Un-Named Police Officers, 746 F.2d 185, 197, n. 16 (3d Cir. 1984).  Both Federal and New Jersey state law utilize a discovery rule to determine when a cause of action accrues.  Rolax v. Whitman, 175 F.Supp.2d 720,727 (D.N.J. 2001).  "The accrual of a cause of action will be delayed until such time as a plaintiff knows, or after the exercise of reasonable diligence, should know, that he has been injured and that his injury was caused by the fault of another."  Id. (citing Swietlowich v. County of Bucks, 610 F.2d 1157, 1162 (3d Cir. 1979)); Vispisiano v. Ashland Chem. Co., 107 N.J. 416 426-27 (1987).

Complaint, which are not disputed by Defendants, indicate that Decedent's final revocation of parole occurred on December 17, 2003 and he remained incarcerated at ADTC until his death on March 11, 2007.  (Compl. ¶ 51; Letter CM/ECF # 25).  Thus, if the Court is to liberally construe the Complaint in favor of Decedent, as required by Haines v. Kerner, 404 U.S. 519 (1972), it appears that Decedent's remaining claims may not be time barred in their entirety.

Decedent signed his Complaint on August 8, 2006 and submitted the Complaint to the Court on August 25, 2006 along with an application to proceed in forma pauperis.  Generally, a prisoner's complaint is deemed filed on the date that it is delivered to prison officials for mailing.  See Burns v. Morton, 134 F.3d 109 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).  Accordingly, the Court will assume that Decedent delivered the Complaint to prison officials the date it was signed, and shall consider the Complaint filed as of August 8, 2006, thus tolling the limitations period.  Thus, the Court finds that any claims arising out of an alleged denial of medical treatment are barred only if they arose before August 8, 2004, two years prior to the filing of the Complaint.  Accordingly, the Court finds that any § 1983 claims arising between August 8, 2004 and the Decedent's death on March 11, 2007 may proceed against Defendants.  To the extent that any claim arises out of an earlier time period, the Court hereby dismisses such claim as time barred.

### 2.     Exhaustion

Defendants move for summary judgment and to dismiss Decedent's claims based upon his failure to exhaust his administrative remedies as alleged against Defendants Brown, Feiner-Escoto, Goodwin, Graffin, Hayman, Lagana, Plantier, Rogers, Sweeney and UMDNJ.

The Prisoner Litigation Reform Act ("PLRA") requires a § 1983 prisoner plaintiff to fully exhaust his administrative remedies before proceeding to suit. 42 U.S.C. § 1997e(a).[3] The United States Supreme Court has stated that exhaustion is mandatory, and is no longer left to the discretion of federal courts, even where the specific relief sought cannot be granted by the administrative process. Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006) (citing Booth v. C.O. Churner, 532 U.S. 731, 739-40 (2001)).

Here, it is undisputed that at the time Decedent filed suit and until his death, he was incarcerated at the ADTC under the control of the New Jersey Department of Corrections, bringing Decedent within the purview of 42 U.S.C. § 1997e(a). (Compl. ¶ 2). Further, the Third Circuit has recognized that administrative remedies set forth in inmate handbooks must first be exhausted before a § 1983 prisoner plaintiff may proceed to suit. Concepcion v. Morton, 306 F.3d 1347, 1355 (3d Cir. 2002). It is uncontested that the ADTC has maintained an Inmate Handbook since 2002 which "sets forth the rights and privileges of its inmates." (Matthews Aff. ¶ 10; Ex. C). The Inmate Handbook informs inmates that concerns or grievances concerning medical and dental requests should be submitted via "ADTC Form #24." (Id. at 30). The handbook further informs inmates where to obtain a copy of a black ADTC Form #24 and where to submit the form when complete. (Id. at 29-31). The handbook also notes that "all complaints shall receive a written, signed response within a designated period of time." (Id. at 30).

Defendants assert that after a search of the ADTC administrative records was performed

---

[3] The statute provides as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*." 42 U.S.C. § 1997e(a) (emphasis added).

for the time period of January 1, 2004 through November 1, 2006, no records of any complaints submitted by Decedent regarding denial of drug-addiction treatment were located. (Matthews Aff. ¶ 18-19; Ex. D). The Court has reviewed the records submitted by Defendants and confirms that neither Decedent's November 21, 2005 nor his June 15, 2006[4] administrative complaints are sufficiently related to the pending claims for the purposes of exhaustion pursuant to 42 U.S.C. § 1997e(a).[5] Accordingly, Defendants Brown, Feiner-Escoto, Goodwin, Graffin, Hayman, Lagana, Plantier, Rogers, Sweeney and UMDNJ are entitled to summary judgment on Decedent's claims for denial of necessary medical treatment and related equal protection claims based upon Decedent's failure to comply with the exhaustion requirements set forth in the PLRA. These claims are hereby dismissed with prejudice.

### 3. The Parole Defendants

Defendants D'Amico, Dowling, Worden, Constance, and Porrovecchio (the "Parole Defendants")[6] move for summary judgment on Decedent's claims on the basis that these parties had no personal involvement in any alleged denial of medical treatment to Decedent during his

---

[4]Decedent's June 15, 2006 administrative complaint states only: "I have a medical problem that requires a specialist – I have been waiting almost 2 months and the problem is getting worse." (Matthews Aff. Ex. D).

[5]Even assuming arguendo that Decedent's two administrative complaints pertained to the claims set forth in the Complaint, the Court finds, in any event, that the record does not contain evidence tending to establish that the filing of these administrative complaints constituted complete exhaustion.

[6]Although Decedent also names Defendants Mahoney and Kaplan in the Complaint, it does not appear from the docket in this matter that either of these Defendants were ever served with process. Since the time for service of process has long since expired, the Court hereby dismisses these Defendants from the case and will not include them in its analysis.

incarceration. The Parole Defendants are variously parole officers, members of the parole board, and parole officer supervisors. To the extent that Decedent maintains § 1983 claims for denial of necessary medical treatment during incarceration and for violation of his equal protection rights during that same period, the Parole Defendants assert that there is no basis for their liability since they had no involvement with Decedent's treatment, or lack thereof, while confined at the ATDC, and further, Decedent has not demonstrated that a parolee is entitled to such medical treatment while on parole.

To the extent that Decedent's claims allege a violation of the Eighth Amendment based upon denial of treatment for his drug addiction while incarcerated at the ADTC, the Court hereby grants summary judgment to the Parole Defendants on these claims. There is no allegation set forth in the Complaint or contained in the record that any of these Defendants was in any way responsible for, or affected, Decedent's treatment while confined at the ADTC. The same analysis applies to the extent that Decedent's claims allege a violation of his equal protection rights based upon denial of treatment based upon his classification of a sex offender. No allegation set forth in the Complaint or in the record links the Parole Defendants in any way to the medical treatment of Decedent while incarcerated.

Without a causal connection between the actions of a defendant and a plaintiff's injuries, liability cannot exist. A § 1983 plaintiff must assert and prove some causal connection between a defendant and the alleged wrongdoing in order to recover against that defendant. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997). A causal connection is shown where a defendant (1) participated in violating a plaintiff's rights; (2) directed others to

violate them; (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations; or (4) tolerated past or ongoing misbehavior. Friedland v. Fauver, 6 F. Supp. 2d 292, 302-03 (D.N.J. 1998). Here, no record support exists to demonstrate any causal connection between any Parole Defendant and the claims alleged by Decedent. Accordingly, the Court grants summary judgment to the Parole Defendants on all claims in the Complaint. These claims are dismissed with prejudice.[7]

## CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment is granted and all remaining claims are dismissed with prejudice.

An appropriate Order accompanies this Opinion.


    /s/ Jose L. Linares

DATED: September 7, 2007                                                    United States District Judge

---

[7] To the extent that the Complaint could be construed to allege that the Parole Defendants unconstitutionally denied Decedent medical treatment in the form of drug-addiction rehabilitation during his times of parole, the Court finds no evidence demonstrating that Decedent was entitled to such treatment while out on parole and outside of the custody of the NJDOC.